# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **DONALD ROSS POWERS** | **PLAINTIFF** |
| v. | CAUSE NO. 3:12-CV-297-CWR-LRA |
| **MCC TRANSPORT COMPANY; QUOC PHU NGUYEN; OWNER-OPERATOR SERVICES, INC.; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; BELL'S TOWING SERVICES, INC.; JOHN DOES 1-5; JOHN DOE CORPORATIONS 1-5** | **DEFENDANTS** |

**ORDER**

Before the Court is the plaintiff's motion to remand. Docket No. 6. The matter is fully briefed and ready for review. Docket Nos. 7-9. After reviewing the allegations, arguments, and applicable law, the motion will be granted.

*I.    Factual and Procedural History*

In July 2009, Donald Ross Powers filed a complaint in the County Court of Hinds County, Mississippi, against MCC Transport Company, Quoc Phu Nguyen, Owner-Operator Independent Drivers Association Risk Retention Group, and a variety of John Doe persons and entities. Docket No. 1-2, at 1. Powers, a truck driver from Michigan, alleged that while driving in Hinds County in December 2008, his truck lost its load and was then struck by another vehicle. *Id.* at 2.[1] The owner and operator of the other vehicle were sued for the physical damage. *Id.* Powers also sued his insurance company for its alleged refusal to pay the full towing and cleanup bills, and for improperly adjusting the loss. *Id.*

It is not clear what happened with that suit. Approximately two and a half years later, though, Powers filed a similar complaint in the Circuit Court of Hinds County. Docket No. 1-3, at 1. The new complaint added Lloyd's of London and Bell's Towing Service as defendants. *Id.* Lloyd's of London was charged with the insurance-related allegations already described. *Id.* at 3. Bell's was charged with inflating its towing and cleanup bills:

---

[1] Powers later moved to Texas. Docket No. 1-3, at 1.

> [Bell's] bills included assessment of charges for approximately 6 hours of time in clean up that were not associated with the equipment, truck or load of Mr. Powers. Consequently, these charges exceed the scope of Bell's agreement with Powers and any monies in excess of the bill reasonably incurred as to Powers should be reimbursed by contract or in *quantum meruit* as benefits unjustly obtained.

*Id.* at 4. The complaint further alleged that Bell's had failed to provide its bills in a timely manner, causing harm to Powers' business. *Id.* at 4-5.

Powers' causes of action against Bell's were negligence and breach of contract. *Id.* at 4-6. Causes of action for quantum meruit and unjust enrichment were suggested by the allegations, *supra*, but not separately enumerated in the complaint. *See Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987) (distinguishing between quantum meruit and unjust enrichment).

The insurance company defendants timely removed the Circuit Court action to this Court. Docket No. 1, at 1. They asserted that diversity jurisdiction existed because the only Mississippi defendant (Bell's) was improperly joined. From there, the case proceeded in the usual fashion: Powers' motion to remand argued that he stated a claim against Bell's; the defendants[2] disagreed for a variety of reasons; and Powers filed a rebuttal brief reasserting his points. *See* Docket Nos. 6-9. The parties's specific arguments will be discussed below.

II.     *Standard of Review*

    A.     *The Improper Joinder Doctrine*

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). "The district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332). Here, it is undisputed that the amount in controversy

---

[2] Here and in the remainder of this Order, "defendants" means the insurance company defendants. Bell's has not joined in the opposition to the motion to remand.

2

exceeds $75,000. The question is complete diversity of the proper defendants.[3]

The Fifth Circuit has stated succinctly the law of improper joinder:

> The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. We have previously stated, but it bears emphasizing again, that the burden of demonstrating improper joinder is a heavy one. To establish a claim for improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Under this second prong, we examine whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (citations, quotation marks, and brackets omitted). As in *McDonal*, here the defendants' allegations of improper joinder fall under the second prong only. Docket No. 1, at 2.

"A district court should ordinarily resolve a[n] improper joinder by conducting a Rule 12(b)(6)-type analysis." *Id.* at 183 n.6. "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).

"[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Cuevas*, 648 F.2d at 249 (citation omitted). "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-CV-636, 2011 WL 2112416, *2 (S.D. Miss. May 26, 2011) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-CV-273, 2011 WL 3290394,

---

[3] Although the parties are completely diverse and the amount in controversy requirement is not challenged, on these facts diversity jurisdiction is not automatic. That is because "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (emphasis added); *see Brown v. Welch*, No. 3:12-cv-340, Docket No. 7 (S.D. Miss. June 29, 2012); 28 U.S.C. § 1441(b)(2). Here, one defendant (Bell's) is a citizen of the forum state (Mississippi). As a result, if Bell's was properly joined, the case must be remanded even though complete diversity will continue to exist in state court.

*3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction.") (quotation marks and citations omitted).

B. The Motion to Dismiss Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has stated that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

Because this case is presently proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

III. Discussion

The question is whether the defendants have established that Powers has no possibility of recovering against Bell's on any claim. They have not. At a minimum, Powers has stated a breach of contract claim. Because of that conclusion, there is no need to address Powers' other theories of recovery.

In Mississippi, "a plaintiff asserting any breach-of-contract claim has the burden to prove, 'by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. that he has been thereby *damaged monetarily*.'" *Business Communications, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012) (quoting *Warwick*

4

*v. Matheney*, 603 So. 2d 330, 336 (Miss.1992)).[4]

   A.   Rule 10(d)

The defendants' primary argument is that the complaint failed to attach the bills or contract at issue, leaving the specific concerns and the contract terms unknown. Docket Nos. 1, at 3-4; 8, at 3. They have invoked Mississippi Rule of Civil Procedure 10(d), which states that "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof should be attached to or filed with the pleading unless sufficient justification for its omission is stated in the pleading." Miss. R. Civ. P. 10(d).

As to the contract, the parties' arguments suggest that no written contract exists. But that absence is not fatal, since "oral contracts are enforceable in Mississippi and [the Mississippi Supreme Court] recognize[s] a cause of action grounded on breach of an oral contract." *R.C. Const. Co. v. Nat'l Office Sys.*, 622 So. 2d 1253, 1255 (Miss. 1993) (citation omitted). On these facts in particular, it is plausible that a tow truck arriving on the scene of an accident would perform work under an oral contract.

Powers argues that he and Bell's "did not endeavor to sit down on the side of a busy dangerous highway and consummate their contract in writing while Bell's employed machinery to do its work; hence, the contract was formed by the parties 'words, acts and outward expressions, not in writing.'" Docket No. 7, at 11 (citation omitted). The defendants describe that statement as "snide." Docket No. 8, at 3. Characterization aside, it is true that circumstances sometimes discourage creation of a written contract, even where one would be preferable. Indeed, it is expected in the normal course of certain business relationships that parties will not hammer out a written contract in advance of certain services being provided.

Concerning the second part of Rule 10(d) – "sufficient justification" for not attaching the documents – the defendants are correct that Powers attached to his complaint an itemized list of his damages, rather than copies of Bell's bills. Docket No. 1-3, at 9. Powers' complaint explained that

---

[4] Although *Banks* recited these elements, it went on to clarify that "whether a plaintiff 'has been thereby damaged monetarily' is *not* an element of a breach-of-contract claim." *Banks*, 90 So. 3d at 1225.
>We hold that a plaintiff is required to prove by a preponderance of the evidence only the first two factors set out by this Court in *Warwick* to prevail on a breach-of-contract claim, without regard to the remedy sought or the actual damage sustained. To be clear, monetary damages are a remedy for breach of contract, not an element of the claim.

*Id.* Accordingly, our defendants' argument regarding monetary damages cannot be sustained. Docket No. 1, at 6.

5

the *defendants* had misplaced copies of the bills, *id.* at 5 (emphasis added), and his briefing characterized the itemization as a temporary substitute "intended to summarize the documentation Power's [sic] does not have in his possession." Docket No. 7, at 11. At present, it is not clear who has copies of the relevant documents.

Assuming *arguendo* that Rule 10(d) has been violated, the Rule "makes no provision what shall be done in the event of a violation." *Gilchrist Mach. Co. v. Ross*, 493 So. 2d 1288, 1292 (Miss. 1986). The Mississippi Supreme Court holds that the proper remedy is compliance, and after that, dismissal of the complaint without prejudice. *Id.* The Rule does not primarily "function as a trap for the unwary," and since ample discovery is available, "the attachment of exhibits to pleading is hardly as important as in former days." *Id.* That language strongly suggests that where documents that should have been attached are claimed to be in the possession of the defendants and therefore can be found through discovery, dismissal is disfavored.

Because there is no written contract to attach and the bills can be retrieved during discovery, the defendants' argument for dismissal based upon Powers' failure to attach contractual documents to the complaint is ultimately not persuasive.

    B.    *Iqbal*

The defendants next contend that Powers' factual allegations are speculative, implausible, and conclusory. Docket Nos. 1, at 2 and 5; 8, at 2. Powers, they write, "has not identified the portion of the contract which specified exactly which work Bell's was required to perform, nor how a bill he received exceeded the permissible limits of that contractual term." Docket No. 1, at 5.

The defendants protest too much. Powers alleged that "[Bell's] bills included assessment of charges for approximately 6 hours of time in clean up that were not associated with the equipment, truck or load of Mr. Powers. Consequently, these charges exceed the scope of Bell's agreement with Powers . . . ." Docket No. 1-3, at 4. These allegations state a plausible claim for relief, because they constitute "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It is safe to assume that no driver, when hiring tow truck services, agrees to pay for work on other persons' vehicles or equipment.[5] The defendants' definition of plausibility is simply too strenuous.

---

[5] The Court need not take up Powers' arguments based upon bailment or Miss. Code § 85-7-251(1).

6

## C. Other Considerations

Finally, the defendants argue that Powers' claim is "suspicious" because Bell's was not named in the original County Court proceeding. Docket No. 1, at 6. Again, it is not clear how that litigation advanced or was resolved. But defendants may be added to lawsuits for a variety of reasons at a variety of times. Perhaps certain facts were not known when that complaint was filed, or perhaps Powers' (former) counsel did not realize that there was a potential claim against Bell's. On this limited record, there is no basis for the defendants' suspicion to influence the improper joinder analysis. Moreover, Powers' later addition of Bell's as a party and assertion of valid claims against it does not support the defendants' knee-jerk reaction to invoke the jurisdiction of the federal court. Removal was improper.

## IV. Conclusion

The defendants assert that "[a] plain reading of the Complaint finds only legal terminology, with no actual facts in support." Docket No. 8, at 3. That claim is not borne out by the pleadings. Powers' complaint contains ample facts to state a claim against Bell's for breach of contract, at the very least.[6] The case is remanded to the Circuit Court of Hinds County, Mississippi.

**SO ORDERED**, this the 13th day of September, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[6] As a result, the Court will decline to pierce the pleadings to conduct a summary inquiry.